**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BARBARA A. BATTLE, as Personal
Representative of the Estate of Jeremy
Christian Norton, deceased,

    Plaintiff,

vs.                                                  CASE NO. 3:06-cv-782-J-32TEM

GOLD KIST, INC., a foreign corporation,

    Defendant/Third Party Plaintiff,

vs.

EDDIE LEE SMITH,

    Third Party Defendant.

_____

**REPORT AND RECOMMENDATION**[1]

This matter is before the Court on Third Party Defendant Eddie Lee Smith's ("Smith") Motion for Summary Judgment (Doc. #65) and Third Party Plaintiff Gold Kist, Inc.'s ("Gold Kist") response in opposition thereto (Doc. #71).

**I. Background**

This is a wrongful death action wherein Plaintiff Barbara Battle, as personal representative of the estate of Jeremy Christian Norton ("Norton"), the decedent, alleges that an employee of Gold Kist's negligently operated a forklift, causing the death of Norton.

---

[1] Any party may file and serve specific, written objections hereto within TEN (10) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. § 636(b)(1) and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

(Doc. #9).

Smith, as an independent contractor, contracted with Gold Kist to catch chickens for Gold Kist at the Mitch Watson Farm and assist in having the chickens loaded aboard trucks to be transported for processing by Gold Kist. (Doc. #71 at 1-2). Norton was an employee of Smith's who was fatally injured by a forklift operated by Gold Kist as it loaded a cage full of chickens onto a truck inside a chicken house. (Doc. #9 at 4).

The contract between Smith and Gold Kist contained an indemnity clause wherein Smith agreed to indemnify and hold harmless Gold Kist from liability arising out of the activities of Smith or his employees. (*See* Doc. #71-2 at ¶ 5). Pursuant to the aforementioned indemnity clause, Gold Kist filed a third party compliant against Smith, alleging negligence on the part of Smith and claiming Gold Kist is entitled to indemnity and contribution. (Doc. #13 at 6-7). Specifically, Gold Kist alleges Smith was negligent in the instruction, training, and supervision of the decedent, Norton. (Doc. #13 at 6-7).

In its amended answer to Plaintiff's amended complaint, Gold Kist further alleges that Norton was under the influence of a drug at the time of the fatal accident. (Doc. #70 at 4). Gold Kist maintains that Norton's normal faculties were impaired to the extent that Norton was more than fifty percent at fault for the accident and that, because of this, Gold Kist's potential liability is precluded by Florida Statutes Section 768.36, which provides in pertinent part:

> In any civil action, a plaintiff may not recover any damages for loss or injury to his or her person or property if the trier of fact finds that, at the time the plaintiff was injured:
>
> (a) The plaintiff was under the influence of any alcoholic beverage or drug to the extent that the plaintiff's normal faculties were impaired or the plaintiff had

> a blood or breath alcohol level of 0.08 percent or higher; and
>
> (b) As a result of the influence of such alcoholic beverage or drug the plaintiff was more than 50 percent at fault for his or her own harm.

Fla. Stat. § 768.36 (2007).

The contract between Smith and Gold Kist further contained a provision, wherein Smith agreed to maintain workers compensation and employer's liability insurance coverage for all of his employees. (Doc. #71-2 at ¶ 8). Although Smith leased his employees, including Norton, from an employer servicing agent, Decision PEO ("DPEO"), Smith provided Norton with worker's compensation insurance coverage through DPEO, which, in turn, provided coverage for Norton through American International Group, Inc. ("AIG"). (Doc. #65 at 4, 8, & 21). AIG paid Norton's estate compensation benefits and subsequently filed a Worker's Compensation Lien pursuant to Florida Statutes Section 440.39. (Doc. #21).

## II. Standard of Review

Summary judgment is appropriate only when a court is satisfied "that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c) (2007). The Court's task is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The burden of establishing the absence of a genuine issue is on the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Federal Rule of Civil Procedure 56(e) provides in relevant part:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather its response must----by affidavits or as otherwise provided in this rule---set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2) (2007).

The party moving for summary judgment bears the initial burden of demonstrating to the court "by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991). A court "must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 149-150 (2000) (discussing standard for granting judgment as a matter of law under Fed. R. Civ. P. 50, which mirrors the standard for granting summary judgment under Rule 56); *Hinson v. Clinch County Bd. of Educ.*, 231 F.3d 821, 826-27 (11th Cir. 2000). The Court considers the entire record, but must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves*, 530 U.S. at 151; *Hinson*, 231 F.3d at 827.

Once the moving party has met its burden, the burden shifts to the non-moving party to show that there is a material issue of fact that precludes summary judgment. *Clark*, 929 F.2d at 608. The non-moving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts, through affidavits or other forms of evidence provided for by the rules. *Adickes v. SH. Kress & Co.*, 398 U.S. 144, 157 (1970). "[T]he

inquiry is whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 252-52.

A genuine issue of material fact exists where there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor. *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir.1995); *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991) (*en banc*). As the Supreme Court has stated, "where the record taken as a whole could not lead a rational fact-finder to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Electric Industry Co. v. Zenith Ration Corp.*, 475 U.S. 574, 587 (1986) (*internal citations and quotations omitted*).

Furthermore, in deciding a motion for summary judgment, all the evidence and the inferences from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Early v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990).

### III. Discussion

In his motion for summary judgment, Smith argues two points: (1) Gold Kist is not entitled to contribution because Smith's worker's compensation insurance carrier paid benefits to Norton's estate; and (2) Gold Kist is not entitled to indemnity from Smith because Gold Kist's actions caused Norton's death; thus, Smith is not required to indemnify Gold Kist from liability arising out of Gold Kist's own negligence. (Doc. #66).

**A. Contribution**

Florida's law concerning whether a third-party tortfeasor may seek contribution from an employer that has provided worker's compensation benefits to an injured or deceased employee is quite clear.  Specifically, Florida's law on contribution is governed by Florida's Contribution Among Tortfeasors Act, which provides in pertinent part:

> Except as otherwise provided in this act, when two or more persons become jointly or severally liable in tort for the same injury to person or property, or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them.

Fla. Stat. § 768.31(2)(a) (2007).

Notwithstanding the aforementioned statutory provision, however, Florida Courts have adopted the view that "third person tortfeasors are not entitled to contribution from an employer, where such injury or death was compensable under the applicable workmen's compensation act."  *Prather v. Upjohn Co.*, 585 F. Supp. 112, 113 (N.D. Fla. 1984) (*citing Seaboard Coast Line Railroad Co. v. Smith,* 359 So.2d 427 (Fla. 1978); *United Gas Pipeline Co. v. Gulf Power Co.*, 334 So.2d 310 (Fla. Dist. Ct. App.1976).

> No right of contribution exists in favor of the third-person tort-feasor, because the workmen's compensation employer and the third person are not under a common liability to the injured or killed person, since the employer's liability is imposed, as well as limited, by the provisions of the Workmen's Compensation Act, while that of the third-person tort-feasor rests on the principles of negligence.

*United Gas Pipeline Co.*, 334 So.2d at 314.

Florida's Workmen's Compensation Act provides that the liability of an employer under the act shall be exclusive and in the place of all other liability to any third-party tortfeasor, unless: (1) the employer deliberately intended to injure the employee; or (2) the employer deliberately concealed a known danger that was not apparent to the employee, and the employee was thereby killed or injured. Fla. Stat. § 440.11 (2007).

Here, Gold Kist argues in its response in opposition to Smith's motion for summary judgment that a question of fact remains as to whether Norton was acting within the course and scope of his employment when the fatal injury occurred. (Doc. #71 at 6). The presumption being, if Norton was not acting within the course and scope of his employment, Norton would not be entitled to worker's compensation benefits, and therefore, Gold Kist could then seek contribution from Norton's employer, Smith.

The Court is not persuaded by this argument; primarily, because Gold Kist, in its third party complaint, claimed that Norton was working within the course and scope of his employment when he was fatally injured. (Doc. #13 at 6, "Decedent, Jeremy Christian Norton was an employee of the contractor EDDIE LEE SMITH and <u>was performing within the course and scope of his employment on the date of his demise</u>.")(*emphasis added*). Due to the fact Gold Kist has already alleged Norton was acting within the course and scope of his employment, the Court will not entertain Gold Kist's inconsistent argument that Norton was not working within the course and scope of his employment at the time of the accident in question.

Gold Kist's second argument as to why summary judgment should be denied as to contribution, is that a question of fact remains as to whether Smith or Norton's fellow employees acted with gross negligence in allowing Norton to walk into the path of a moving

forklift. (Doc. #71 at 7). This argument fails as a matter of law for two reasons.

First, the evidence Gold Kist presents in support of its response in opposition to Smith's motion for summary judgment indicates Norton was, in fact, instructed to stay clear from the forklifts; therefore, the undersigned finds Gold Kist has not presented a genuine issue of material fact that Norton was not made aware of the risk of injury by a forklift. (Doc. #71-2 at 15 -17; *see* Fla. Stat. 440.11 (2007)). Additionally, the risk of being hit by a moving forklift should have been readily apparent to Norton, and Gold Kist has presented no evidence that Smith deliberately concealed this fact from Norton. *See* Fla. Stat. 440.11 (2007); *Mastalsz v. Georgia-Pacific Corp.*, No. 06-14286-CIV, 2007 WL 1521481 (S.D. Fla. May 23, 2007).

Since Gold Kist has presented no evidence that Smith acted intentionally with respect to Norton's fatal accident, the undersigned finds Norton's death is compensable under Florida's Workmen's Compensation Act, Florida Statutes Section 440.11.

Accordingly, since Norton's death is compensable under Florida's Workmen's Compensation Act, Gold Kist is not entitled to contribution from Smith because Gold Kist and Smith are not under common liability as to Norton. Smith's liability correlates to the provisions of Florida's Workmen's Compensation Act and Gold Kist's liability, if any, correlates to common law principals of negligence.

Second, under Florida's Workmen's Compensation Act , if a fellow employee acts with gross negligence and injures or kills a co-worker, then the fellow employee loses his or her immunity from personal liability. *See* Fla. Stat. 440.11 (2007). Once the fellow employee loses his or her immunity from personal liability, the employer's worker's compensation insurance will not cover the fellow employee's potential personal liability.

8

Here, none of Norton's co-workers are personally named as parties to the instant lawsuit.  Therefore, Gold Kist's assertion that Norton's co-workers may have been grossly negligent has no bearing on whether or not Gold Kist is entitled to contribution from Smith.  *See Folds v. J.A. Jones Const. Co.*, 875 So.2d 700, 704 (Fla. Dist. Ct. App. 2004).

Accordingly, and for the aforementioned reasons, the undersigned finds summary judgment is due to be granted in favor of Smith as it relates to Gold Kist's claim for contribution.

**B. Indemnity**

The chicken catching contact between Smith and Gold Kist contains the following indemnity clause:

> <u>Contractor assumes all liability for damages, injury, liability or loss</u>, including, without limitation, governmental fines, assessments or penalties, <u>caused by or arising out of the activities or behavior of Contractor or any member(s) of his crew</u>. Contractor agrees to indemnify and hold GK financially and in all respects harmless from and against any damage, injury, liability or loss that Contractor or its Crew workers, GK and its employees, or any third-party suffer as a result of the activities of Contractor under this Contract. Contractor further agrees to indemnify GK against any claim, loss or suit or other liability that GK might incur or suffer as a result of this contract between GK and the Contractor and the performance or non-performance by Contractor thereof, <u>including but not limited to, damages or injury to any birds, crew worker, or other individual or property</u>, and legal fees to defend any such claim or lawsuit.

(Doc. #71-2 at ¶ 5)(*emphasis added*).

Even though the contract between Smith and Gold Kist contains the above referenced indemnity clause, Smith argues that Florida law requires a specific provision in an indemnity contract in order for the indemnitee to be indemnified from liability arising out of its own negligence.  (Doc. #66 at 3).

9

Although Smith is correct in his aforementioned assertion (*see Univ. Plaza Shopping Centr. Inc. v. Marvin Stuart*, 272 So.2d 507 (Fla. 1973), Smith's argument is premised on the presumption that Gold Kist was, in fact, negligent. The undersigned, however, finds it has yet to be determined whether Gold Kist was, in fact, negligent.

The evidence of record suggests Norton may have been under the influence of marajuana at the time of the accident. (*See* Docs. #37 & #41). Moreover, there is evidence that Norton was not to be in the chicken house on the day of the accident, and that he may have disobeyed specific instructions by his supervisor, Gilberto Banda ("Banda"), directing him to stay close to the wall if he entered the chicken house. (Doc. #71-2 at 25-26).

Where an employer contracts to indemnify a third-party against liability for injuries to the employer's workers, the exclusive remedy provision of Florida's Workmen's Compensation Act, Florida Statutes Section 440.11, has been deemed unconstitutional to the extent that it might immunize the employer from contractual liability. *See Sunspan Engineering & Construction Co. v. Spring-Lock Scaffolding Co.*, 310 So.2d 4 (Fla. 1975); *see also Miami Intern Merchandise Mart, Inc. v. Gene Somers & Associates, Inc.*, 506 So.2d 54 (Fla. Dist. Ct. App. 1987).

Since the factual determination as to whether Smith or Smith's employees, including Norton, might have been at fault has yet to be determined, summary judgment in favor of Smith, as it relates to Gold Kist's claim for contractual indemnity, is unwarranted at this stage of the proceedings. *See L.M. Duncan & Sons, Inc. v. City of Clearwater*, 478 So.2d 816 (Fla. 1985).

Accordingly, the undersigned finds Smith's motion for summary judgment is due to be denied as to Gold Kist's claim for contractual indemnity.

## IV. Recommendation

Based on the foregoing, it is hereby **RECOMMENDED**:

1. Third Party Defendant Eddie Smith's Motion Summary Judgment (Doc. #65) be **GRANTED to the extent that** it relates to Gold Kist's claim for contribution.

2. Third Party Defendant Eddie Smith's Motion Summary Judgment (Doc. #65) be **DENIED to the extent that** it relates to Gold Kist's claim for contractual indemnity.

**DONE AND ENTERED** at Jacksonville, Florida, this 18th day of January, 2008.

Copies to all counsel of record
and *pro se* parties

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge