**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BARBARA A. BATTLE, etc.,

    Plaintiff,

vs.                                        Case No. 3:06-cv-782-J-32TEM

GOLD KIST, INC., etc., et al.,

    Defendants.

## ORDER[1]

This case is before the Court on Third Party Defendant, Eddie Lee Smith's ("Smith") Motion For Summary Judgment (Doc. 65), to which third party plaintiff Gold Kist, Inc. ("Gold Kist") filed a response in opposition. (Doc. 71.) Pursuant to Fed. R. Civ. P. 72, the undersigned referred the matter to the assigned United States Magistrate Judge who prepared a Report and Recommendation (Doc. 88) recommending that the motion for summary judgment be granted in part and denied in part. Smith timely filed objections to the Report and Recommendation (Doc. 98) to which Gold Kist responded (Doc. 100); and plaintiff Barbara Battle ("Battle"), as personal representative of the estate of Jeremy Christian Norton ("Mr. Norton") filed objections to the Report and Recommendation (Docs. 103, 104) to which Gold Kist

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it is intended to decide the matters addressed herein and is not intended for official publication or to serve as precedent.

responded. (Doc. 105.) The Court heard oral argument on June 24, 2008, and incorporates that discussion herein.

## I.  Contribution

The Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. 88) as to the issue of Gold Kist's claim against Eddie Lee Smith for contribution. Smith's motion for summary judgment on this point is due to be **GRANTED**.

## II.  Indemnity

In its third party complaint, (Doc. 13 at 5), Gold Kist seeks contractual indemnity from third party defendant Eddie Lee Smith based upon an indemnity provision in the Catching Agreement between Smith and Gold Kist. Specifically, Gold Kist alleges that it "is entitled to indemnification under the contract for any damages which the Defendant/Third Party Plaintiff GOLD KIST, INC. might become responsible to pay due to the negligence of EDDIE LEE SMITH or others including any negligence of any employee of GOLD KIST." (Doc. 13 at 6.) The Catching Agreement between Gold Kist and Smith provides:

> Contractor [Eddie Lee Smith] assumes all liability for damage, injury, liability or loss, without limitation, . . . caused by or arising out of the activities or behavior of Contractor and any member(s) of its crew. Contractor agrees to indemnify and hold GK [Gold Kist] . . . harmless from and against any damage, injury, liability or loss that Contractor or its crew workers, GK, and its employees, or any third party suffer as a result of the activities of Contractor under this Contract. Contractor further agrees

> to indemnify GK against any claim, loss or suit or other liability that GK might incur or suffer as a result of this Contract between GK and the Contractor and the performance or nonperformance by Contractor thereof, including . . . injury to any . . . crew worker . . . , and legal fees to defend any such claim or lawsuit.

(Doc. 71-2 at 4 (Catching Contract ¶ 5).)  Smith, in his motion for summary judgment, seeks a ruling, as a matter of law, that the Catching Agreement does not provide for indemnity when a loss or liability arises due to the negligence of Gold Kist.[2]

Contracts of indemnification that attempt to indemnify a party against its own wrongful acts are viewed with disfavor.  Accordingly, "'a contract for indemnity will not be sustained where it purports to indemnify the indemnitee from liability resulting from his own negligent acts, unless such intention is expressed in clear and unequivocal terms.'" Rouse-Miami LLC v. Bentley's Luggage Corp., 948 So.2d 928, 929 (Fla. 3d DCA 2007)(citation omitted).  Indemnification language in a contract does not impose upon the indemnitor the obligation to indemnify the indemnitee for the indemnitee's own negligence absent a clear and unambiguous requirement to do so.  Nat'l Union Fire Ins. Co. v. Liberty Mut. Ins. Co., No. 03-80106-CIV, 2008 WL 544732, at *4 (S.D.

---

[2] Where an employer contracts to indemnify a third party against liability for injuries to the employer's workers, the exclusive remedy provision of the Workers' Compensation Law does not immunize the employer from such contractual liability. Sunspan Engineering and Constr. Co. v. Spring-Lock Scaffolding Co., 310 So.2d 4 (Fla. 1975); Miami Int'l Merchandise Mart, Inc. v. Gene Somers & Assocs., 506 So.2d 54 (Fla. 3d DCA 1987).

Fla. Feb. 26, 2008)(citing University Plaza Shopping Ctr. v. Stewart, 272 So.2d 507 (Fla. 1973)).  For example, in University Plaza Shopping Center, Inc., supra, the Florida Supreme Court held that language which sought to indemnify the indemnitee "from and against any and all claims" did not disclose a clear and unequivocal intent to indemnify "for consequences arising solely from the negligence of the indemnitee."  272 So.2d at 511.  Likewise, in Charles Poe Masonry, Inc. v. Spring Lock Scaffolding Rental Equip., 374 So.2d 487 (Fla. 1979), the Florida Supreme Court ruled that language that a lessee "assume all responsibility for claims" did not demonstrate a clear and unequivocal intent to indemnify against the indemnitee's own wrongful conduct.  374 So.2d at 489-90; see also e.g., H&H Painting & Waterproofing Co. v. Mech. Masters, Inc., 923 So.2d 1227 (Fla. 4th DCA 2006)(indemnity provision in lease which stated that lessee shall indemnify lessor "from any claims of third parties for loss, injury and damage . . . arising out of Lessee's possession, use, maintenance or return of Equipment, including legal costs incurred in defense of such claims" did not entitle lessor of heavy construction lift to contractual indemnity from lessee for lessor's alleged negligence); P.P. Partners, Ltd. v. J.J. Gumberg Co., 611 So.2d 55 (Fla. 3d DCA 1992)(agreement to hold harmless "from all damage suits in connection with the management of the . . . property and from liability from injury suffered by any employee or other person" did not "clearly and unequivocally" require indemnification for indemnitee's own negligence); compare Fla. Power & Light Co. v. Mid-Valley, Inc.,

763 F.2d 1316, 1318 (11th Cir. 1985)(engineer indemnified for own negligence under contractual clause which states:"'[i]n no event shall Engineer be liable for any . . . damage . . . whether caused by negligence of Engineer, or otherwise, . . . and Owner shall indemnify and hold Engineer harmless from any such damages or liability'"); Church & Tower of Fla., Inc. v. Bellsouth Telecomm., Inc., 936 So.2d 40, 41-42 (Fla. 3d DCA 2006)(indemnity provision which required indemnity "caused in part (whether joint, concurrent, or contributing) in whole by any act, omission, default, or negligence (whether active or passive) of the Indemnitees" required indemnitor to indemnify indemnitee "for all liabilities alleged to have been caused by [indemnitee] arising from or connected with the work performed . . . ."), rev. denied, 952 So.2d 1188 (Fla. 2007); Camp, Dresser & McKee, Inc. v. Paul N. Howard Co., 853 So.2d 1072, 1077 (Fla. 5th DCA 2003)(contract provision requiring general contractor to indemnify engineering firm for any claim "'regardless of whether or not it is caused in part by a party indemnified hereunder'" required contractor to indemnify firm for liability to subcontractor's employee, even if firm was sued for its own wrongful conduct).

Significantly, the Florida Supreme Court counsels that the public policy disfavoring contractual indemnification for one's own negligence applies with equal force in instances where the indemnitor and indemnitee are jointly liable. Cox Cable Corp. v. Gulf Power Co., 591 So.2d 627, 629 (Fla. 1992)(citing Charles Poe Masonry, 374 So.2d at 489-90)(finding that even if indemnitor and indemnitee were found to be

jointly negligent, the contract was legally insufficient to provide indemnity to indemnitee).

This is not a case where Gold Kist's third party complaint for contractual indemnity is dismissed on the face of the pleading for failure to state a claim. Rather, on the developed record presented on motion for summary judgment, the Court determines on the merits that the contractual indemnity provision fails to meet the required standard for indemnifying Gold Kist against its own negligence. The record reflects that Gold Kist's liability, if any, to Battle, as personal representative of the deceased, Mr. Norton, would be based upon Gold Kist's own active negligence, and not on the basis of vicarious liability for Smith's conduct. Compare L.M. Duncan & Sons, Inc., 478 So.2d at 817-18 (trial court's dismissal of third-party complaint for contractual indemnity premature to resolve question of fact whether defendant was actively or passively negligent) with Ryder Truck Rental, Inc. v. Coastline Distributing of Tampa, Inc., 512 So.2d 1093, 1095 (Fla. 2d DCA 1987)(trial court permitted action to be maintained and then granted judgment on the merits, addressing the sufficiency of contract provision to support claim for contractual indemnity, citing Charles Poe Masonry, 374 So.2d 487). See also Metro. Dade County v. CBM Inds. of Minn., Inc., 776 So.2d 937, 939 (Fla. 3d DCA 2000)(claim against county was a vicarious liability claim and thus cleaning service had a contractual duty to defend and indemnify county). As in Charles Poe Masonry, the language in the indemnity agreement

between Eddie Lee Smith and Gold Kist is too "general" to "disclose an intention to indemnify for consequences arising from the wrongful acts of the indemnitee," Charles Poe Masonry, Inc., 374 So.2d at 489, inasmuch as that language demonstrates nothing more than an undertaking by Smith to hold Gold Kist harmless from any vicarious liability which might result from Eddie Smith's performance of the Catching Contract.

Nor may Gold Kist seek indemnity from Smith for its costs, expenses and attorney's fees incurred in defending this action. See Clairmont v. King Ocean Services Ltd. (Cayman Island) Inc., No. 06-61040-CIV, 2008 WL 115728 at *3 (S.D. Fla. Jan. 9, 2008). When a contractual indemnity provision does not entitle the indemnitee to indemnification for its own negligence, the indemnitee cannot recoup attorney fees and costs from the indemnitor for defending the main action even it was established at trial that the indemnitee was not negligent. Clairmont, 2008 WL 115728, at * 3 (citing SEFC Bldg. Corp. v. Block Five Ventures, Inc., 645 So.2d 1116, 1117 (Fla. 3d DCA 1994)); see also State Dept. of Trans. v. Fla. Keys Elect. Co-op. Ass'n, 831 So.2d 713, 714 (Fla. 3d DCA 2002)(affirming summary judgment in favor of third party defendant indemnitor who did not have duty to defend indemnitee because the amended complaint's negligence claim against indemnitee was for its own active negligence, independent of any negligence by indemnitor).

Gold Kist faces liability only to the extent of its own negligence, as determined

by the finder of fact; if Gold Kist were ultimately determined to be free from any negligence and fault in connection with Mr. Norton's death, it would, of course, not be required to pay damages. This is because Florida follows the doctrine of comparative fault to apportion liability among joint tortfeasors in negligence actions such as this. Fla. Stat. 768.81. (2008). "In general, parties are liable only for the percentage of the plaintiff's damages in an amount equal to the percentage of their fault." Bearint ex rel. v. Dorell Juvenile Group, Inc., 389 F.3d 1339, 1345 (11th Cir. 2004)(citing § 768.81 and Fabre v. Marin, 623 So.2d 1182 (Fla. 1993) ). Such apportionment can be made among parties and nonparties to a case, provided the alleged nonparty tortfeasor is appropriately identified before trial begins. Nash v. Wells Fargo Guard Servs., Inc., 678 So.2d 1262, 1264 (Fla. 1996); See also Fabre, 623 So.2d 1182 (holding that fault must be apportioned among all responsible entities who may have contributed to an accident, even though not all of them have been joined as defendants), overruled in part on other grounds, Wells v. Tallahassee Mem'l Reg'l Med. Ctr., Inc., 659 So.2d 249 (Fla. 1995).

To include a nonparty on the verdict form pursuant to *Fabre*, a defendant must plead as an affirmative defense the negligence of the nonparty and specifically identify the nonparty. Bogosian v. State Farm Mut. Auto. Ins. Co., 817 So.2d 968, 970 (Fla. 3d DCA 2002). Furthermore, the "defendant has the burden of presenting at trial that the nonparty's fault contributed to the accident or injury." Jackson County

Hospital Corp. v. Aldrich, 835 So.2d 318, 331 (Fla. 1st DCA 2002). With these preconditions met, "a defendant can argue to a jury that the fault of non-parties reduces the percentage of damages for which it is liable." Bearint, 389 F.3d at 1346. Notably, Gold Kist has specifically alleged Smith's negligence, thereby making non-party Smith a *Fabre* defendant. (Doc. 70 at 3 ("Third Affirmative Defense Negligence Of Others").)[3]

The Magistrate Judge denied Eddie Lee Smith's motion for summary judgment as to the indemnity claim finding that "the factual determination as to whether Smith or Smith's employees . . . might have been at fault has yet to be determined." (Doc. 88 at 10 (citing L.M. Duncan, Inc. v. City of Clearwater, 478 So.2d 816 (Fla. 1985).) L.M. Duncan was distinguished in Ryder Truck Rental, Inc. v. Coastline Distributing of Tampa, Inc., 512 So.2d 1093, 1094-95 (Fla. 2d DCA 1987) which affirmed summary judgment in favor of indemnitor/third party defendant because unlike I.M. Duncan, which was decided on motion to dismiss, the third party action was maintained, and then judgment was granted on the merits.

---

[3] Inasmuch as the Magistrate Judge's findings that factual questions exist concerning the deceased Mr. Norton's own negligence, and characterization of Gilberto Banda as Mr. Norton's supervisor, (Doc. 88 at 10), are not pertinent to a determination of whether Gold Kist can seek contractual indemnity from Smith for Gold Kist's own negligence, these observations are nonbinding dicta and the Court does not determine whether or not they are clearly erroneous, as requested by plaintiff. (Doc. 103.)

9

The Court is not deciding here whether Gold Kist or Smith were at fault or negligent in connection with Mr. Norton's demise; nor is it making a determination that Battle's allegations that Gold Kist was negligent are true. The Court only determines here that Gold Kist cannot seek contractual indemnification for its own negligence, if any, from Smith.

Thus, summary judgment is properly entered in favor of third party defendant Eddie Lee Smith on Gold Kist's third party complaint for contractual indemnification. See Claimont, 2008 WL 115728 at *2-3; SEFC Bldg. Corp., 645 So.2d at 1117; Ryder Truck Rental, Inc., 512 So.2d at 1094-95.

Upon independent review of the file and for the foregoing reasons, it is hereby

**ORDERED:**

The Report and Recommendation (Doc. 88) of the Magistrate Judge is **ADOPTED** as to the issue of Gold Kist's claim against Eddie Lee Smith for contribution and **REJECTED** as to the issue of Gold Kist's contractual indemnity claim against Eddie Lee Smith. Third Party Defendant, Eddie Lee Smith's Motion For Summary Judgment (Doc. 65) is **GRANTED**. The Clerk will withhold Judgment until the conclusion of the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of July, 2008.

------------------------------
TIMOTHY J. CORRIGAN
United States District Judge

jl.
Copies to:

Honorable Thomas E. Morris
United States Magistrate Judge

Counsel of Record